No. 23-60216

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

JOHN M. BARR,

Petitioner,

v.

SECURITIES AND EXCHANGE COMMISSION,

Respondent.

On Petition for Review of a Final Order
Of the Securities and Exchange Commission

**MOTION OF THE SECURITIES AND EXCHANGE COMMISSION
TO SEAL THE UNREDACTED CERTIFIED LIST
AND TO STAY PROCEEDINGS**

STEPHEN G. YODER
Senior Appellate Counsel

Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549-9040
(202) 551-4532

# CERTIFICATE OF INTERESTED PERSONS

*Barr v. SEC*, No. 23-60216

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of the case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. Megan Barbero, General Counsel, Securities and Exchange Commission

2. John M. Barr, petitioner in this matter

3. Michael A. Conley, Solicitor, Securities and Exchange Commission.

4. Caroline A. Crenshaw, Commissioner, Securities and Exchange Commission

5. John Doe, competing claimant and petitioner in *Doe v. SEC*, No. 23-1121 (D.C. Cir.)

6. J. Kevin Edmundson, Edmundson Shelton Weiss PLLC, counsel for petitioner Barr in this matter

7. Gary Gensler, Chair, Securities and Exchange Commission

8. Daniel L. Geyser, Haynes and Boone, LLP, counsel for petitioner Barr in this matter

9. Kristina Guidi, Attorney, Office of the Whistleblower, Securities and Exchange Commission

10. Nicole C. Kelly, Chief, Office of the Whistleblower, Securities and Exchange Commission

11. Brian J. Leske, Ashcroft Law Firm LLC, counsel for petitioner Doe in *Doe v. SEC*, No. 23-1121 (D.C. Cir.)

12. Jaime Lizárraga, Commissioner, Securities and Exchange Commission

13. Emily M. Pasquinelli, Assistant Director, Office of the Whistleblower, Securities and Exchange Commission

14. Hester M. Peirce, Commissioner, Securities and Exchange Commission

15. Michael J. Sullivan, Ashcroft Law Firm LLC, counsel for petitioner Doe in *Doe v. SEC*, No. 23-1121 (D.C. Cir.)

16. Mark T. Uyeda, Commissioner, Securities and Exchange Commission

17. Kimberly P. West, Ashcroft Law Firm LLC, counsel for petitioner Doe in *Doe v. SEC*, No. 23-1121 (D.C. Cir.)

18. Stephen G. Yoder, Senior Appellate Counsel, Securities and Exchange Commission

/s/ Stephen G. Yoder
STEPHEN G. YODER
Attorney of Record for Respondent
Securities and Exchange Commission

Dated: May 4, 2023

The Commission respectfully moves the Court, *first*, to seal the unredacted certified list of the record for the final order challenged in this case (Exhibit 1) and to file the redacted certified list (Exhibit 2) on the public docket of this case, and *second*, to stay further proceedings in this case pending resolution of the Commission's anticipated motion to transfer another case challenging the same final order to this Court. Opposing counsel has represented that petitioner John M. Barr takes no position on sealing the certified list and does not oppose the stay.

This case is a petition for review of the Commission's final order granting Barr's application for a whistleblower award in connection with a civil law enforcement proceeding. *See Barr v. SEC*, No. 23-60216, Dkt.1-1 (5th Cir. Apr. 25, 2023). That same final order also granted the whistleblower award application of another claimant who has now sought review in the U.S. Court of Appeals for the District of Columbia Circuit (the "D.C. Circuit"). *See Doe v. SEC*, No. 23-1121, Doc.1996665 (D.C. Cir. Apr. 25, 2023) (Exhibit 3). That claimant has chosen to proceed under the pseudonym "John Doe," and the D.C. Circuit granted Doe's motion to seal "information that could reasonably

be expected to reveal petitioner's identity." *Id.* Doc.1997743 (D.C. Cir. May 3, 2023) (Exhibit 4).

Barr's petition for review was received by the Clerk of this Court on April 24, 2023, and Doe's petition for review was received by the D.C. Circuit on April 25, 2023. Under federal statute, the Commission therefore must file the record (or a certified list of the record) in this Court, and the D.C. Circuit must transfer Doe's case to this Court. *See* 28 U.S.C. § 2112(a)(1), (5). The Commission plans to file a motion with the D.C. Circuit to effectuate that transfer in the very near future. Because Doe's case will most likely be transferred and consolidated with Barr's case, a stay of further proceedings in Barr's case pending that transfer is appropriate.

Section 21F of the Securities Exchange Act of 1934, which governs the Commission's whistleblower program, generally requires the Commission and its staff to avoid the public disclosure of information that reasonably could be used to reveal a claimant's identity.[1] *See* 15 U.S.C. § 78u-6(h)(2)(A). When a claimant petitions for review, the

---

[1] An exception arises when a federal court orders the Commission to proceed otherwise. The Commission will honor any order this Court may issue concerning the sealing of information in this case.

2

Commission's staff therefore strives to honor the claimant's choice to proceed under a pseudonym and to seal any identifying information, as Doe has done. Such information typically includes the identity of the underlying civil law enforcement proceeding for which an award is sought. The Commission's proposed redactions to the certified list of the record are designed to protect this kind of information, while not unduly burdening the public's right of access to judicial proceedings, given the strong likelihood that Doe's case will be transferred and consolidated with Barr's case.[2]

---

[2] The certified list now being filed excludes materials that do not relate directly to Barr. *See* 17 C.F.R. § 240.21F-13(b). Once Doe's case has been transferred to this Court, the Commission plans to file an amended certified list to include additional materials that relate directly to Doe.

For the foregoing reasons, the Court, *first*, should seal the unredacted certified list and file the redacted certified list on the public docket of this case and, *second*, should stay further proceedings in this case pending the transfer of Doe's case to this Court.

Respectfully submitted,

/s/ Stephen G. Yoder
STEPHEN G. YODER
Senior Appellate Counsel

Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549-9040
(202) 551-4532

Dated: May 4, 2023

# CERTIFICATE OF COMPLIANCE

I hereby certify as follows:

1. This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 594 words as counted using Microsoft Office Word 2010.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Office Word 2010 in 14-Point Century Schoolbook.

                                                /s/ Stephen G. Yoder
                                                STEPHEN G. YODER
                                                Senior Appellate Counsel

Dated:  May 4, 2023

# CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2023, I electronically filed the foregoing motion to seal, with exhibits, with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit using the appellate CM/ECF system. I certify that on the same date, I served the motion to seal, with exhibits, on Daniel L. Geyser, counsel for petitioner John M. Barr, via encrypted email to daniel.geyser@haynesboone.com, and I also caused the same to be sent via third-party courier to the following address:

>Daniel L. Geyser
>Haynes and Boone, LLP
>2323 Victory Avenue, Suite 700
>Dallas, TX 75219

>/s/ Stephen G. Yoder
>STEPHEN G. YODER
>Senior Appellate Counsel

Dated: May 4, 2023